UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER EMPLOYMENT COMPANY,
LLC, et al.,

    Plaintiffs,

v.

JAFAR ABBAS,

    Defendant.
_____/

Case No. 1:22-cv-531

HON. JANE M. BECKERING

**ORDER GRANTING EMERGENCY MOTION TO EXTEND
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

This Court, having reviewed Plaintiffs' Emergency Motion to Extend Temporary Restraining Order (ECF No. 5), finds that Plaintiffs have shown good cause, in accordance with FED. R. CIV. P. 65(b)(2), to extend the Temporary Restraining Order entered June 2, 2022 by Judge Alexander Lipsey in the Kalamazoo County Circuit Court (ECF No. 5-1, the "TRO").  Defendant removed this case to this Court before a June 13, 2022 scheduled show cause hearing to determine whether to convert the TRO to a preliminary injunction.  The TRO is set to expire on June 16, 2022.  Plaintiffs have demonstrated that the circumstances justifying entry of the TRO in the first instance have not changed:  Plaintiffs have demonstrated a strong likelihood of success on the merits; Plaintiffs would suffer irreparable injury without extension of the TRO; the public interest is served by enforcement of written contracts; and Defendant is unlikely to suffer harm by extension of the TRO where Alphatec has agreed to pay his salary pending resolution of this matter.  As to the irreparable-injury factor, in particular, it is well settled in the Sixth Circuit that "[a]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would

make damages difficult to calculate." *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992).  Relevant here is the Sixth Circuit's observation that the damages flowing from competitive losses and losses of customer goodwill are especially difficult to compute.  *See id.* at 511-12.  Accordingly, in the Court's discretion,

**IT IS HEREBY ORDERED** that the TRO (ECF No. 5-1) is EXTENDED until such time as a show cause hearing has been held to determine whether the TRO should be dissolved or converted to a preliminary injunction, or further Order of the Court.

**IT IS FURTHER ORDERED**, pursuant to W.D. Mich. LCivR 7.1(c), that Defendant shall file a Response to Plaintiffs' request for a preliminary injunction (ECF No. 5-2) not later than the close of business on Friday, June 17, 2022.  Any reply from Plaintiffs shall be filed not later than 9:00 a.m. on Tuesday, June 21, 2022.

**IT IS FURTHER ORDERED** that a hearing is scheduled for Wednesday, June 22, 2022 at 9:30 a.m. before the Honorable Jane M. Beckering, 601 Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan.  Counsel of record shall be present in person and be prepared to show cause why a Preliminary Injunction should not issue continuing the terms of the TRO.

**IT IS FURTHER ORDERED**, in the Court's discretion, that the security requirement of FED. R. CIV. P. 65(c) is WAIVED.  *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995).

**IT IS FURTHER ORDERED** that in the event the parties reach an agreement as to the terms of a Preliminary Injunction before the Show Cause Hearing, counsel shall immediately file a Stipulation and proposed Preliminary Injunction for the Court's review.

Dated:  June 14, 2022                                           /s/ Jane M. Beckering            
                                                                                   JANE M. BECKERING
                                                                                   United States District Judge